IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORNELIUS TILLMAN,
     Plaintiff,

vs.                             Case No.: 5:06cv253/RS/EMT

DR. HAROLD PARKER, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 16).  Leave to proceed in forma pauperis has been granted (Doc. 6).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21,

2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff names seven Defendants in this action, Apalachee Correctional Institution (ACI) and six members of the medical staff at ACI, including Dr. Harold Parker, Medical Assistant Robert Daffin, Dr. Sharon Basford, Dr. Lisa Perkins, Head Nurse Dottie Braxton, and Nurse Odum (Doc. 16 at 1). Plaintiff alleges he suffers from high blood pressure, sinus problems, and a skin condition (*id*. at 7). Additionally, he states he suffers chronic pain in his legs and back from a herniated disc and "damage" to his right knee, which occasionally becomes swollen and "locks up" such that he is unable to stand (*id*.). Plaintiff claims that Defendants failed to provide adequate medical treatment for his conditions in violation of the Eighth Amendment (*id*. at 8). Additionally, he appears to claim that Nurse Odum subjected him to cruel and unusual punishment by falsely accusing him of refusing to return an alcohol swab, which led to a disciplinary charge and Plaintiff's placement in "the hole" (*id*. at 19). As relief, Plaintiff seeks compensatory damages in the amount of $3.5 million for physical pain and suffering, $4.5 million for violation of his civil rights, $1.5 million in punitive damages, and $2.8 million for "mental instability" (*id*. at 8).

As Plaintiff was previously advised (*see* Doc. 7), medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id*. (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)). Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment. *Id*. (citations omitted). Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to

constitute a deprivation "''denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements.  *Id.* at 1258.  As to the objective prong, an objectively serious deprivation requires a showing of an objectively "serious medical need."  Estelle v. Gamble, 429 U.S. at 105–06.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834 , 114 S.Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").  In addition, an objectively serious deprivation requires a showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference."  Estelle, 429 U.S. at 105.  "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same.  Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care.  Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th  Cir. 1980).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).  However,

where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  <u>Harris v. Thigpen</u>, 941 F.2d at 1507 (quoting <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1035 (11th Cir. 1989)).  To do otherwise would be "to constitutionalize claims that sound in tort law."  <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff's allegations fail to satisfy both prongs of the Eighth Amendment standard.  Plaintiff has failed to satisfy the objective prong with regard to his sinus, skin, and blood pressure conditions.  Regarding his sinus problems, Plaintiff states that his condition causes him to constantly sneeze and blow his nose; however, these facts fail to show that his condition posed a substantial risk of serious harm to his health.  Likewise, the fact that Plaintiff's skin irritation and "crabs" cause him to constantly scratch and "pick" at his body, while uncomfortable, is insufficient to show that the condition presents a serious medical need under the <u>Hill</u> standard, that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *See* <u>Palermo v. Correctional Medical Services Inc.</u>, 133 F. Supp. 2d 1348, 1361 (S.D. Fla. 2001) (pain in wrist, lice, stomach discomfort, and denial of special shoes are not serious medical needs under the <u>Hill</u> test).  With regard to his high blood pressure, Plaintiff states he often feels as though he may "black out" and that he suffers "fevers and headaches" as a result of his high blood pressure; however, these facts fail to show that his condition was so severe that it posed a true danger or serious threat to his health if left untreated.  *See* <u>Dickson v. Colman</u>, 569 F.2d 1310, 1311 (5th Cir. 1978) (no serious medical need was demonstrated where plaintiff's high blood pressure presented "no true danger" or "serious threat" to his health).

With regard to Plaintiff's knee condition, he states that his right knee occasionally becomes swollen and "locks up" such that he is unable to stand, but he becomes mobile after he stands, shifts his weight, and takes small steps (Doc. 16 at 7, 18).  He also states that occasionally he "feel[s] the bones rubbing together" and can hear and feel his legs and knees "popping" to the point that other inmates would ask him if he was alright (*id*. at 18).  Plaintiff states that at one time he was granted a medical pass for a walking cane, but he left the cane in the medical department when he was placed in "the hole" (*id*. at 7, 10, 14–15).  Plaintiff states that when he presented his medical pass

authorizing the cane to Head Nurse Blaxton, she took his pass but refused to give him a cane and told him he must use the sick call process to request a cane (*id*. at 14–15). Plaintiff states he then requested a cane from Dr. Parker and told him that he needed the cane because he lost his balance several times and fell on a few occasions, but Dr. Parker refused to authorize the cane (*id*. at 7, 10). These facts fail to show that Dr. Parker and Head Nurse Blaxton were subjectively aware that denying Plaintiff use of the cane posed a risk of serious harm to his health or safety. Therefore, he has failed to state an Eighth Amendment violation as to this claim.

With regard to the pain caused by the herniated disc, Plaintiff states that the pain is chronic, and occasionally he is forced to lean to the right when he walks because of the pain running through his back, along his left hip, and down his legs (Doc. 17–18). He states that the pain is unbearable if he does not take medication (*id*. at 18). Plaintiff states that he constantly requested pain medication from "the medical staff" but did not receive it for a long period of time, and then "they" provided it to him for only a few months (*id*. at 7, 10). He states that he requested medication from Medical Assistant Daffin and Dr. Perkins, but they gave him only a few packets of Ibuprofen (*id*. at 13, 17). The fact that Plaintiff continually requested pain medication is insufficient to show that Defendants were aware of facts indicating that his back condition presented a serious medical need, especially in the absence of any facts showing that Defendants were aware of the degree of pain that Plaintiff was experiencing. Therefore, his allegations fail to satisfy the Eighth Amendment standard.

Finally, Plaintiff's claim that Nurse Odum caused a false disciplinary report to be issued against him fails to state an actionable claim. The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951–53 (2d Cir. 1986). This is primarily because the Constitution requires only that Plaintiff be afforded due process at the institutional hearing, in accordance with the requirements set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L. Ed. 2d 935 (1974), which represents his opportunity to expose any such falsities or inaccuracies. Freeman, 808 F.2d at 952. In the instant case, Plaintiff does not allege that the Wolff requirements were not followed in the disciplinary proceeding; therefore, this claim against Nurse Odum should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 14<u>th</u> day of June 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**